UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:12-cr-00348 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 42] |
| v. | : |  |
| JAMES EDWARD GRAY, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant James Edward Gray pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).[1]

On December 14, 2012, the Court sentenced Defendant Gray to 48 months of imprisonment, followed by three years of supervised release.[2] At Gray's sentencing, the Court found that Gray had an offense level of 19 and Criminal History Category IV, giving him a guideline sentencing range of 46-57 months.[3] Gray received six criminal history points based on prior convictions and received two criminal history points for committing the federal offense while under a criminal justice sentence.[4]

Defendant Gray now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821, from 48 months to 45 months.[5] The government does not oppose Gray receiving an Amendment 821 reduction or Gray's requested reduced sentence length.[6]

---

[1] Doc. 27, PageID #: 122.
[2] Doc. 26, PageID #: 120.
[3] Doc. 32, PageID #: 146-47.
[4] Doc. 21, PageID #: 90.
[5] Doc. 42.
[6] Doc. 43.

Case No. 4:12-cr-00348
GWIN, J.

For the following reasons, the Court **GRANTS** Defendant Gray's sentence reduction motion and sentences the Defendant to **45 months.**

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C. § 3553(a)."[9]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[10] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[11] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) changes the assignment of "status points" for criminal history calculations. For

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[10] *Id.*
[11] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 4:12-cr-00348
GWIN, J.

defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[12] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[13]

At sentencing, Defendant Gray had six criminal history subtotal points, with two "status points" added.[14] Amendment 821(A) reduces Defendant Gray's criminal history score from eight to six, and his Criminal History Category from IV to III. Gray's amended sentencing guideline range is 37-46 months. Thus, Defendant Gray was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Gray's sentence to 45 months. Factors like those applied at Gray's initial sentencing also apply at this time. Defendant Gray was convicted for robbing a bank to fuel his drug habit.[15] Gray suffered from a serve drug dependency and had psychological issues with depression and anger.[16] While Gray had a moderately severe criminal record, he also had a troubled childhood.[17] And the offense followed the murder of his fiancé.[18]

The Court notes that it previously sentenced Defendant Gray at the lower end of the guideline range.[19] Gray asks the Court for a higher-end sentence of 45 months "so that he

---

[12] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[13] *Id.*
[14] Doc. 21, PageID #: 90.
[15] Doc. 20, PageID #: 69.
[16] Doc. 32, PageID #: 147.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 148.

Case No. 4:12-cr-00348
GWIN, J.

can participate in transitional placement in a halfway house and establish himself before his full release from custody."[20]  The government does not oppose.[21]

As a result, the Court finds it should reduce Defendant Gray's sentence to 45 months, within the amended guideline range of 50-71 months, to serve Gray's professed reentry goals.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Gray's motion and **REDUCES** Defendant Gray's sentence to **45 MONTHS.**  Except as otherwise provided in this order, all other terms of Gray's original sentence remain in effect.

IT IS SO ORDERED.

Dated: March 12, 2024       *s/     James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[20] Doc. 42, PageID #: 167.
[21] Doc. 43, PageID #: 170.

- 4 -